IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:18-po-258-SRW |
| | ) | |
| JAMES R. BARRETT | ) | |

**ORDER**

This matter is before the court on defendant's renewed motion for a judgment of acquittal, s*ee* Doc. 3, and the government's response, *see* Doc. 7. Defendant was charged in this case with hunting over a baited field in violation of *Ala. Code* § 9-11-244 and 18 U.S.C. §13. Because the charge is a petty offense, the case was tried on July 10, 2018 before the undersigned at Fort Rucker, Alabama, rather than before a jury. *See Blanton v. City of N. Las Vegas, Nev.*, 489 U.S. 538, 541, 109 S. Ct. 1289, 1292, 103 L. Ed. 2d 550 (1989) ("It has long been settled that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.'") (citation omitted). The court found the defendant guilty, and assessed a fine. The instant motion for judgment of acquittal followed on July 23, 2018.[1]

In his motion, defendant Barrett does not deny that a game warden observed him hunting from a tree stand on January 24, 2018 on property belonging to Fort Rucker, and that there was a pig trap (that is, a fenced corral with an open door that could be shut behind

---

[1] "A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).

1

a pig) immediately behind the tree stand in which shelled corn kernels had been used to bait and trap feral hogs.[2] Doc. 3 at 1. Barrett also admits that he was aware of the pig trap before he began to hunt, and that there was "a small amount of old corn" in the trap. *Id*. at 1-2. However, he contends that, in his opinion as an experienced hunter, "the scant amount of stale corn kernels that were on the ground inside the trap did not constitute an attractant to the deer he was hunting." *Id.* at 1-2. For this reason, Barrett "emphatically denied [at trial] that he intended to use the small amount of old corn as an attractant for deer. In fact, he testified that he did not believe the amount and condition of the corn kernels would attract deer," but instead believed that the scented chemical strips that he was using, which simulated the scent of a doe in heat, would lure them. *Id.* at 2. Barrett maintains that "a conviction under § 9-11-244 requires proof of a culpable mental state[,]" and argues that "the evidence presented by the Government was simply insufficient beyond a reasonable doubt to convict Mr. Barrett of intending to hunt by aid of bait." *Id.* at 2-3.

"On a motion for judgment of acquittal, the court must view the evidence in the light most favorable to the verdict, and, under that light, determine whether the evidence is sufficient to support the verdict. … Thus, on this motion, the court assumes the truth of the evidence offered by the prosecution. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985) (citation omitted). "The district court must accept all reasonable inferences tending to support the Government's case. Likewise, any conflicts in the evidence are to be

---

[2] According to testimony at trial, Fort Rucker has 54,000 "hunt-able acres." Some 100 pig traps are maintained there by volunteers, and these are kept baited with shelled corn with varying levels of consistency. Defendant Barrett was aware of the purpose of the traps because he himself had been a volunteer.

2

resolved in the Government's favor." *United States v. Taylor*, 972 F.2d 1247, 1250 (11th Cir. 1992).

>Barrett was convicted under an Alabama statute which provides, *inter alia*, that

>[n]o person at any time shall … attempt to take, catch or kill any bird or animal protected by law or regulation of the State of Alabama by means, aid or use, directly or indirectly, of any bait such as shelled, shucked or unshucked corn or of wheat or other grain, salt or any other feed whatsoever that has been so deposited, placed, distributed or scattered as to constitute for such birds or animals a lure, attraction or enticement to, on or over the area where such hunter or hunters are attempting to kill or take them … .

Ala. Code § 9-11-244. "[T]he intent of the statute is clearly to prohibit the taking or killing of protected birds or other animals lured to an area by bait." *Ex parte Phillips*, 771 So. 2d 1066, 1067 (Ala. 2000). Although the statute itself does not specifically require a culpable mental state for conviction, the Alabama Supreme Court has determined that the statute requires, "for one to be convicted of violating § 9–11–244, that he either knew or should have known that the area over which he was hunting was baited[.]" *Id*. at 1068. *See also Ex parte W.F.*, 214 So. 3d 1153, 1163 (Ala. 2015) ("a culpable mental state is an element of hunting over a baited field in the absence of an express statement in the statute to the contrary."). In *Ex parte Phillips*, the court explained that "[r]equiring such a low level of mental culpability simply requires the State to prove that with reasonable investigation the hunter could have discovered the bait." *Ex parte Phillips*, 771 So. 2d at 1068.

Here, Barrett does not deny that he was aware that dried corn was present on the site. He simply did not believe that the quantity of corn he saw was sufficient to attract deer, especially in light of his own use of chemical scent strips, which he thought constituted a much more powerful lure. In short, Barrett appears to have concluded that

even if corn were present where he was hunting, it did not represent bait that had "been so deposited, placed, distributed or scattered as to constitute for such birds or animals a lure, attraction or enticement … ." Ala. Code § 9-11-244. And, if he did not believe that the corn at the site actually would be effective as bait, Barrett reasons, he could not have had the criminal intent necessary to violate the statute.

In light of these claims, the court must address two questions in deciding the motion before it. The first is whether the relevant evidence, viewed in a light most favorable to the government, could be accepted by the finder of fact as adequate and sufficient to support the conclusion that the shelled corn kernels had "been so deposited, placed, distributed or scattered as to constitute for such birds or animals a lure, attraction or enticement[.]" Ala. Code § 9-11-244. The answer to this question is yes. Assuming the truth of the evidence offered by the prosecution, as it must on this motion, the court finds that the testimony and other evidence presented by Game Law Enforcement Officer Lieutenant Robert Stokes, who had been a game warden at Fort Rucker for 38 years, was adequate and sufficient to support this conclusion. Stokes testified that the tree stand in which Barrett was hunting was approximately eight steps from the pig trap, that there was corn in the trap on the date in question, and that Barrett should have been able to see the corn from the stand. Stokes introduced a small amount of cracked corn that he had scraped up from the trap into evidence. He testified that corn was the "number one bait" for deer in that area, and that the amount of corn in the trap, albeit limited, was sufficient to constitute an attractant for deer in light of the fact that the deer already knew there had been corn there "enough to come back and get more." Stokes also testified that there was a "fresh rub" in the trap where

a buck had recently stood and rubbed his antlers on a small tree, and that he had observed deer tracks in the trap. In addition, Stokes said that he had previously come upon two deer that had died in other baited pig traps on Fort Rucker property, testimonys which supported his contention that corn used in pig traps as bait could attract deer. Viewed in a light most favorable to the government, this evidence was adequate and sufficient to support the conclusion that the shelled corn kernels remaining in the trap at issue in this case constituted an attraction or enticement for deer within the terms of the statute. Ala. Code § 9-11-244.

The second question before the court is whether the relevant evidence, viewed in a light most favorable to the government, could be accepted by the finder of fact as adequate and sufficient to support the conclusion that the defendant had the necessary scienter to be convicted of the offense. The answer to this question is also in the affirmative.

The "low level of mental culpability" required under the statute was framed by the Alabama Supreme Court only in terms of knowledge – specifically, if defendant either knew or should have known that the area over which he was hunting was baited, he may be found guilty of the offense if the other elements of the offense are proved. *Ex parte Phillips*, 771 So. 2d at 1068. Under the statute, "bait" clearly may include "shelled, shucked or unshucked corn[.]" Ala. Code § 9-11-244. Defendant Barrett acknowledged at trial that he knew there was a quantity of shelled corn, albeit a small amount, on the ground in the pig trap close to his tree stand. The Alabama Supreme Court, in addressing the culpable mental state necessary for a conviction, did not require the government to prove anything other than such knowledge, or the fact that the hunter should have had such knowledge, to

5

establish the necessary *mens rea* for the offense. *See Carter v. United States*, 530 U.S. 255, 269, 120 S. Ct. 2159, 2169, 147 L. Ed. 2d 203 (2000) ("The presumption in favor of scienter requires a court to read into a statute only that *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct.")(citation and internal marks omitted). This court declines to mandate that the government also must prove that the hunter charged with the offense *believed* that the bait was sufficient to constitute a "lure, attraction or enticement" for certain birds or animals in order to form the necessary criminal intent to be convicted under the statute, when the Alabama Supreme Court did not choose to do so. So long as the finder of fact concludes that the bait was, in fact, sufficient for this purpose, the requirements of the statute are met. Accordingly, it is

ORDERED that defendant's renewed motion for a judgment of acquittal, s*ee* Doc. 3, is DENIED.

Done, on this the 6th day of November, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge